# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

CHERYL ANN AUTRY                                                                    PLAINTIFF

v.                                          4:16-CV-00518-BRW-JJV

NANCY A. BERRYHILL,
Acting Commissioner,
Social Security Administration,                                                     DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge Billy Roy Wilson. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Plaintiff, Cheryl Autry, has appealed the final decision of the Commissioner[1] of the Social Security Administration to deny her claim for supplemental security income. Both parties have submitted appeal briefs and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v.*

---

[1] Nancy Berryhill was sworn in as Acting Commissioner of the Social Security Administration on January 23, 2017, replacing Carolyn Colvin. She has therefore been substituted as the defendant in this case pursuant to Federal Rule of Civil Procedure 25(d)(1).

*Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996). In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful consideration of the record as a whole, I find the decision of the Commissioner is supported by substantial evidence.

Plaintiff is fifty-five years old. (Tr. 31.) She went to the ninth grade in school, earned a general equivalence degree, and attended technical college for two semesters. (*Id.*)

The ALJ[1] found Ms. Autry had not engaged in substantial gainful activity since June 14, 2013, the alleged onset date. (Tr. 13.) She has "severe" impairments in the form of coronary artery disease status post stenting, hypertension, degenerative disc disease of the lumbar spine,

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

carpal tunnel syndrome, obesity, and depression.  (*Id.*)   The ALJ further found Ms. Autry did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2]   (Tr. 13-15.)

The ALJ determined Ms. Autry had the residual functional capacity to perform a reduced range of light work given her mental and physical impairments.  (Tr. 15.)   With regard to Ms. Autry's past work, the ALJ stated, "According to her testimony during the hearing in this case, the claimant ran a pawnshop until March 2010; however no earnings were reported."   (Tr. 19.) Therefore, he concluded Ms. Autry has no past relevant work.  (*Id.*)   The ALJ utilized the services of a vocational expert to determine if jobs existed that Plaintiff could perform despite her impairments.  (Tr. 42-44.)   Based on the testimony of the vocational expert, the ALJ determined she could perform the jobs of furniture rental consultant and counter clerk despite her impairments. (Tr. 19.)   Accordingly, the ALJ determined Ms. Autry was not disabled.  (Tr. 20.)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner.  (Tr. 1-4.)   Plaintiff filed the instant Complaint initiating this appeal.  (Doc. No. 2.)

In support of her Complaint, Plaintiff argues the ALJ erred by concluding she maintained the residual functional capacity to perform light work.  (Doc. No. 18 at 4-5.)   Specifically, she argues that the ALJ failed to consider her inability to engage in prolonged standing and frequent lifting, as well as her limited social functioning.  (*Id.*)   I have carefully considered Plaintiff's argument and find the record provides sufficient evidence to support the ALJ's findings.

---

[2]420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

3

Plaintiff had the burden of proving her disability. *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988). Thus, she bore the responsibility of presenting the strongest case possible. *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991). Plaintiff has simply not met that burden.

As the Commissioner points out in her brief, Plaintiff's treatment records support a conclusion she is capable of performing light work activities. (Tr. 283, 297, 320, 327, 350, 353, 357.) Her medical records fail to show major limitations in her ability to stand or lift. Plaintiff's MRI does show some anomalies (Tr. 346), but her doctors have not placed any restrictions on Ms. Autry that would preclude prolonged standing and frequent reaching. To the contrary, Rita Allbright, M.D., and Rosey Seguin, M.D., both reviewed Plaintiff's medical records and came to the conclusion she was capable of performing work at the medium exertional level. (Tr. 52-53, 64-65.)

With regard to her claims about her limited social functioning, the ALJ addressed this limitation with the vocational expert. When posing his hypothetical question to the vocational expert, the ALJ stated:

> ". . . please limit the work to unskilled work where interpersonal contact would be incidental to the work performed; and complexity of one to two step tasks would be learned and performed by rote with few variables and little judgment; and the supervision required would be simple, direct and concrete; [specific vocational preparation] 1 or 2 jobs that could be learned within 30 days, please?

(Tr. 43.)

Given the social functioning limitations recognized by the ALJ, I do find Plaintiff makes a compelling argument when considering the Dictionary of Occupational Title's description of furniture-rental consultant. (*See* Dictionary of Occupational Titles (DOT) #295.357-018 and Selected Characteristics of Occupations Defined.) This job requires, *inter alia*, talking to customers to determine furniture preferences and requirements, guiding customers through a

4

showroom, answering questions, and advising customers on compatibility of various styles and colors of furniture items. DOT #295.357-018. Given the substantial customer interaction required for a furniture-rental consultant, I find it exceeds Ms. Autry's residual functional capacity as assessed by the ALJ. However, the other job identified by the vocational expert requires much less social interaction and does not exceed her abilities. The job of counter clerk requires a person to do the following:

> Receives film for processing, loads film into equipment that automatically processes film for subsequent photo printing, and collects payment from customers of photofinishing establishment: Answers customer's questions regarding prices and services. Receives film to be processed from customer and enters identification data and printing instructions on service log and customer order envelope. Loads film into equipment that automatically processes film, and routes processed film for subsequent photo printing. Files processed film and photographic prints according to customer's name. Locates processed film and prints for customer. Totals charges, using cash register, collects payment, and returns prints and processed film to customer. Sells photo supplies, such as film, batteries, and flashcubes.

DOT #249.366-010.

Given the above job description, I find no error at step five of the ALJ's determination. The ALJ's residual functional capacity assessment is supported by substantial evidence and the ALJ correctly concluded Ms. Autry is capable of performing the job of counter clerk despite her impairments.

I am sympathetic to Ms. Autry's claims and her attorney has done a good job advocating for her rights. But the overall medical evidence provides substantial support for the ALJ's determination that she could perform work at the light exertional level.

Plaintiff has advanced other arguments that I have considered and find to be without merit. It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts

her findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992). I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS THEREFORE RECOMMENDED that the final decision of the Commissioner be affirmed and that Plaintiff's Complaint be dismissed with prejudice.

DATED this 12th day of June, 2017.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE